UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>JAMES PEIRSOL<br><br>    Defendant. | Case No. 1:16-cr-00195-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant James Peirsol's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 69. The Government filed a Motion to Dismiss Peirsol's Motion. Dkt. 71. Peirsol did not respond to the Government's Motion.

The matter is now ripe for the Court's consideration. Having reviewed the record and briefs, the Court finds the facts and legal arguments adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES Peirsol's Motion and GRANTS the Government's Motion.

## II. BACKGROUND

On October 19, 2017, the Court sentenced Peirsol to a term of 200 months, followed by ten years of supervised release, and a special assessment of $100 for distributing methamphetamine.

In April 2020, the Defendant petitioned the warden at his facility for compassionate release. The warden denied his request. Having exhausted his administrative remedies, Peirsol moved the Court for compassionate release but was also denied. Dkt. 66.[1] In his initial petition, Peirsol cited concerns regarding COVID-19 and the need to support his family. *Id.* The Court found that Peirsol failed to show there were extraordinary and compelling reasons to justify early release. *Id.*

On August 18, 2022, Peirsol petitioned a second time for compassionate release. Dkt. 69. This time, Peirsol cites health concerns—not about COVID-19, but rather his current work environment at the prison—as the primary reason justifying early release. He claims he's been breathing toxic fabric which has impaired his lungs. Dkt. 69, at 1. He also states that he has no desire to go back to his criminal lifestyle. *Id.* However, unlike his first petition, Peirsol failed to exhaust his administrative remedies. The Government moved to dismiss on this basis. Dkt. 71. For the reasons stated below, and without addressing the merits, the Court agrees with the Government.

### III. LEGAL STANDARD

Peirsol seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[2] In order to grant compassionate release, a district court must, as a threshold

---

[1] To the extent applicable, the Court incorporates the facts of that Court order.
[2] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment

matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca,*, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020). Finally, "the exhaustion requirement 'is mandatory and must be enforced when properly raised by the government.'" *United States v. Gomez-Gutierrez*, 2022 WL 874633 (9th Cir. Mar. 24, 2022) (citing *United States v.*

---

upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

*Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021)).

There is nothing in the record to suggest that Peirsol has exhausted his administrative remedies. As the Government points out, § 3582 requires a petitioner to exhaust his administrative remedies by presenting his request for compassionate release to the warden. Because Peirsol failed to show that he first petitioned the warden, this Court lacks jurisdiction to make a determination at this time. 18 U.S.C. § 3582(c)(1)(A).

In reaching this decision, the Court notes that it does not reach the merits of Peirsol's Motion. Instead, the Court will allow Peirsol to refile once he has fulfilled the administrative requirements of § 3582. Once he has exhausted those requirements, both Peirsol and the Government can fully brief on the merits. Accordingly, the Court must DENY Peirsol's motion at this time.

## V. ORDER

The Court HEREBY ORDERS:

1. Peirsol's Motion for Compassionate Release (Dkt. 69) is DENIED.
2. The Government's Motion to Dismiss (Dkt. 71) is GRANTED.

DATED: December 22, 2022

David C. Nye
Chief U.S. District Court Judge